AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

Robert Cox, a.k.a.
  Michael Morris, Robnico Wilson, and "T.C.,"

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 09-6332-RSR

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 19 to May 13, 2009 in Broward county, in the Southern District of Florida, and elsewhere, defendant(s) did, (Track Statutory Language of Offense) knowingly, in and affecting interstate commerce, recruit, harbor, transport, provide, obtain, and maintain by any means a person, that is, T.T., knowing, and in reckless disregard, of the fact that the person, that is, T.T., had not attained the age of 18 years, and would be caused to engage in a commercial sex act,

in violation of Title 18 United States Code, Section(s) 1591(a)(1).

I further state that I am a(n) Special Agent with the F.B.I. and that this complaint is based on the following
                                    Official Title
facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof: ✓ Yes ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

September 4, 2009                                          at   Fort Lauderdale, FL
Date                                                            City and State

Robin S. Rosenbaum, U.S. Magistrate Judge
Name & Title of Judicial Officer                               Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Amanda L. Coder, being duly sworn, depose and say:

1. I am a Special Agent with the Federal Bureau of Investigation. I have worked in this position since January, 2004. I am currently assigned to the Miami Field Office of the FBI and am a member of the Minor Vice Task Force (MVTF) in South Florida. The MVTF is comprised of state, local, and federal law enforcement. I am presently assigned to handle violent crimes, including offenses involving sex trafficking of children, in violation of Title 18, United States Code, Section 1591; enticing a minor to engage in prostitution, in violation of Title 18, United States Code, Section 2422(b); as well as offenses involving transportation for purposes of prostitution, in violation of Title 18, United States Code, Section 2421. I have received training in prosecuting obscenity, online child pornography, and child exploitation, including organized child prostitution, sex rings, and trafficking of children for sexual acts.

2. I base the facts in this affidavit upon my personal knowledge, as well as knowledge, information, and documentation that I obtained from others. Because I submit this affidavit for the limited purpose of establishing probable cause for a criminal complaint against Robert Cox a/k/a Michael Morris a/k/a Robnico Wilson a/k/a "T.C.," it does not include every fact that I know about this investigation.

3. On May 13, 2009, T.T., a minor female, was interviewed by law enforcement officers at the Hollywood Police Department. T.T. stated that she had been prostituted by a black male she called "T.C.," subsequently identified as Robert Cox, a/k/a Michael Morris a/k/a Robnico Wilson. T.T. informed investigators that she had met Cox at a bus stop in Hollywood on or about April 12, 2009, when he and a woman known to T.T. as "Tender" approached her in a vehicle. During that meeting, Tender asked T.T. when she turned eighteen. T.T. replied that she

would turn eighteen in November, 2009. Tender asked T.T. if she wanted them to make her a model. At that point, T.T. was not much interested in modeling, but asked if they would give her a ride to the Aventura Mall. Cox and Tender drove T.T. to the mall. After dropping T.T. off, Cox gave T.T. his business card with his phone number, (XXX) XXX-5984, written on a label attached to the card. Cox told T.T., "Don't be a stranger and call us."

4. T.T. stated that she called the number on the business card a few days later and inquired about the modeling program. Cox picked up T.T. from a house near her residence and took her to a basketball court near the beach. Cox told T.T. that the job was not really modeling but was sex for money. Cox then bought T.T. some clothing and took her to a residence he identified as his brother's, later identified as the Target Residence. T.T. stated that the residence was located near Coral Springs High School. She could not recall the complete name of the apartment community but recalled that it contained "Pinebrook" or "Pinebrook Pointe." At the apartment, the individual Cox identified as his brother created an advertisement for T.T. on the websites Craigslist and Backpage. While at the apartment, Cox pointed out his brother's gold Jaguar sedan to T.T. in the parking area.

5. Cox provided instructions to T.T. about how she was to answer the phone and how she was to respond to various requests. He instructed her that she was to charge $150 for a half hour and $200 for an hour. After receiving those instructions, Cox drove T.T. to a hotel near I-95. At the hotel, T.T. answered phone calls but did not schedule any "dates." Cox became angry at T.T. and told her that she was not answering the phone correctly. Cox stated that he had already bought T.T. clothes and invested money in her and then demanded that she have sex with him before he drove her home. T.T. complied with Cox' demand, and he then drove her home.

2

6. Approximately one week later, Cox picked T.T. up and took her to a hotel. At the hotel, she had sex with men in exchange for money. She then gave the money given to her to Cox.

7. T.T. prostituted for Cox on other occasions. On those occasions, Cox provided a cellular phone, with telephone number (XXX) XXX-6672, for T.T.'s use. Cox told T.T. that the telephone number was posted on her Internet advertisements. Cox drove T.T. to locations where she had sex with men in exchange for payment. Cox also rented a hotel room for T.T. to meet men for sex. T.T. gave Cox the money she made from these encounters.

8. During the interview, T.T. also revealed the identity of another minor female, C.Z., who prostituted for Cox from on or about May 11 through on or about May 13, 2009.

9. On May 14, 2009, law enforcement interviewed C.Z. C.Z. stated that T.C. (Cox) picked her and T.T. up at a bus stop on May 11 or May 12, 2009. Once they were all in the car, T.T. asked C.Z. how old she was. C.Z. replied that she was sixteen years old.

10. Cox then drove T.T. and C.Z. to an apartment he identified as his brother's. C.Z. stated that Cox' brother lived in a second-floor apartment near Coral Springs High School. C.Z. stated that they had gone to Cox' brother's apartment so that Cox' brother could make up a name and profile for her online so that people could call her. Cox' brother told C.Z. that he had posted a picture that looked like her online.

11. Cox asked C.Z. if T.T. had explained to her how she was to answer the phone and how she was to respond to various requests. He told C.Z. to listen to T.T. answer the phone and that he would explain more to her later. C.Z. listened to T.T. answer the phone and arrange a "date." When T.T.'s "date" arrived, C.Z. left with Cox for about 30 minutes or so. While in the

car, Cox advised C.Z. that he had been in the game for a long time, he did not like liars, and he did not want anyone lying to him.

12. On May 12, 2009, a "trick" telephoned the number that T.T. answered and stated that he wanted "the two girl special." Cox drove C.Z. and T.T. to a house and advised that he would wait because he never left T.T. alone with a "trick." Cox supplied C.Z. and T.T. with blue Trojan condoms and told C.Z. to always put the condom on the "trick." He stated that if she did not put the condom on the "trick," she needed to make sure it was not broken. Both C.Z. and T.T. went inside and C.Z. had sex with the "trick." C.Z. said that the "trick" gave money to T.T. before they left. Once in the car, C.Z. saw T.T. give the money to Cox. After Cox received the money, he asked T.T. if she stole from him. T.T. replied that she did not need to. Cox advised her that he would hurt her if she stole from him.

13. On May 15, 2009, T.T., in the presence of law enforcement, made a recorded call to Cox at telephone number (XXX) XXX-5984. During that conversation, Cox asked where T.T. had been and when he could pick her up. He told T.T. that he would pick her up anytime—day or night. During the call, Cox also mentioned that T.T. would not be eighteen for awhile.

14. On August 4, 2009 at approximately 8:00 PM, T.T. and two other minor females were riding their bikes and/or walking from Publix to their residence when they saw a Red Ford Excursion pass them and then make a U-turn and come back toward them. The Red Ford Excursion approached them and they observed a black male driving. The black male yelled out to T.T. and she soon realized it was Cox. Cox gave T.T. a card with his new telephone number on it and told her to give him a call. The telephone number on the card was (XXX) XXX-2028. An administrative subpoena was submitted to MetroPCS in order to gain subscriber information

for phone number (XXX) XXX-2028. MetroPCS provided information that the user of that number was Robnico Wilson, with an address of                    , Margate, Florida.

15.     On August 27, 2009, at approximately 4:05 p.m., officers observed a Red Ford Excursion parked at                    Margate, Florida. At approximately 4:45 PM, Cox was observed exiting Apartment    . Cox walked to his vehicle, retrieved a bag, and then proceeded back to apartment

16.     Based upon the facts set forth above, I respectfully submit that there is probable cause to believe that Robert Cox a/k/a Michael Morris a/k/a Robnico Wilson a/k/a T.C., in and affecting interstate commerce, did recruit, entice, harbor, transport, provide, and maintain a person, knowing, or in reckless disregard to the fact that such person had not attained the age of eighteen years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a).

I declare under penalty of perjury that the information in this affidavit is true and correct.

                                         AMANDA L. CODER, SPECIAL AGENT
                                         FEDERAL BUREAU OF INVESTIGATION

SUBSCRIBED and SWORN to
before me this 4th day of September, 2009.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-6332-RSR

UNITED STATES OF AMERICA

v.

ROBERT COX,
    a.k.a. Michael Morris,
    a.k.a. Robnico Wilson
    a.k.a. "T.C.,",

    Defendant.
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

    Respectfully submitted,
    JEFFREY H. SLOMAN
    ACTING UNITED STATES ATTORNEY

BY: _____
    Scott M. Edenfield
    Assistant United States Attorney
    Court ID No. A5501041
    99 N. E. 4th Street
    Miami, Florida 33132-2111
    TEL (305) 961-9086
    FAX (305) 536-4676